DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**R.J. REYNOLDS TOBACCO COMPANY** and **PHILIP MORRIS USA INC.**,
Appellants,

v.

**MYRON KAPLAN**, as Personal Representative of the
**ESTATE OF SHEILA KAPLAN,**
Appellee.

No. 4D18-2880

[March 16, 2022]

Appeal and cross appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. 08-025823.

Scott A. Chesin and Michael Rayfield of Mayer Brown LLP, New York, NY, and Geoffrey J. Michael of Arnold & Porter Kaye Scholer LLP, Washington, DC, for appellant Philip Morris USA Inc.

William L. Durham II and Val Leppert of King & Spalding LLP, Atlanta, GA, for appellant R.J. Reynolds Tobacco Co.

Bard D. Rockenbach of Burlington & Rockenbach, P.A., West Palm Beach, and Scott P. Schlesinger, Jonathan R. Gdanski and Brittany Chambers of Schlesinger Law Offices, P.A., Fort Lauderdale, for appellee.

*ON REMAND FROM THE FLORIDA SUPREME COURT*

PER CURIAM.

In *R.J. Reynolds Tobacco Co. v. Kaplan* (*Kaplan I*), 321 So. 3d 267 (Fla. 4th DCA 2021), we affirmed as to R.J. Reynolds' argument that punitive damages were barred by section 768.73, Florida Statutes, based on our previous decision in *R.J. Reynolds Tobacco Co. v. Konzelman*, 248 So. 3d 134 (Fla. 4th DCA 2018). 321 So. 3d at 269 n.1. In *Konzelman,* we concluded that the pre-1999 version of section 768.73, Florida Statutes,

applies in an *Engle*[1] progeny personal injury suit that is converted into a wrongful death action upon the smoker's death.  248 So. 3d at 135.

In *R.J. Reynolds Tobacco Co. v. Kaplan* (*Kaplan II*), SC21-1029, 2022 WL 500293 (Fla. Feb. 18, 2022), our supreme court quashed *Kaplan I* and remanded with instructions for reconsideration upon application of its decision in *Sheffield v. R.J. Reynolds Tobacco Co.*, 329 So. 3d 114 (Fla. 2021).  In *Sheffield*, our supreme court disapproved of our decision in *Konzelman* and held that the 1999 amendments to section 768.73 apply to *Engle* progeny wrongful death actions in which the decedent died after October 1, 1999.  329 So. 3d at 125.

Based on *Sheffield*, we reverse and remand to the trial court for application of the amended version of section 768.73 in determining the punitive damage award as required by *Sheffield*.

*Reversed and remanded with instructions.*

CONNER, C.J., FORST and KLINGENSMITH, JJ., concur.

\*          \*          \*

**No further motions for rehearing shall be permitted.**

---

[1] *Engle v. Liggett Grp., Inc.*, 945 So. 2d 1246 (Fla. 2006).